

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 1/21/2025

...INGTON

BOSTON BRUSSELS DUBAI FRANKFURT
...SBURG LONDON LOS ANGELES NEW YORK
... SAN FRANCISCO SEOUL SHANGHAI WASHINGTON

January 16, 2025

**BY ECF**

The Honorable Katharine H. Parker
United States Magistrate Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl St.
New York, NY 10007

> The deadline for discovery as to Plaintiff's assault and battery and negligence claims is hereby extended to **April 24, 2025**. In addition, the parties shall file a joint status letter by **February 18, 2025**, updating the Court on the status of discovery. The parties should also address whether they are interested in scheduling a settlement conference.

Re:    *M.Q. v. United States of America*, No. 1:22-

**SO ORDERED:**

*Katharine H Parker*    1/21/2025

HON. KATHARINE H. PARKER
UNITED STATES MAGISTRATE JUDGE

Dear Judge Parker:

Pursuant to Your Honor's December 17, 2024 Order, ECF 146, Plaintiff writes to respectfully request that the Court stay all fact discovery until resolution of the Government's pending motion to dismiss, except for the depositions of Dean Smith and Peter Salmon, to be rescheduled for February 2025. In the alternative, Plaintiff requests an extension of the discovery deadline on the Assault and Battery and Negligence claims not subject to the motion to dismiss from January 24, 2025 to April 24, 2025.[1] The Government consents to Plaintiff's motion, and requested Plaintiff include its position in this letter, which is described below.

## I.   Plaintiff's Position:

### A. It is appropriate to stay discovery until resolution of the pending motion to dismiss, with the exception of the depositions of Dean Smith and Peter Salmon to be rescheduled for February 2025.

Upon a showing of good cause, this Court has broad discretion to permit stays of discovery. Fed. R. Civ. P. 26(c); *Integrated Sys. & Power, Inc. v. Honeywell Int'l, Inc.*, No. 09 CV 5874 (RPP), 2009 WL 2777076, at *1 (S.D.N.Y. Sept. 1, 2009). When a motion to dismiss is pending, courts typically consider three factors to determine whether good cause exists to grant a discovery stay: (1) breadth of discovery sought, (2) any prejudice that would result, and (3) the strength of the motion. *Brooks v. Macy's, Inc.*, No. 10 CIV 5304 BSJ HBP, 2010 WL 5297756, at *2 (S.D.N.Y. Dec. 21, 2010) (citing to Michael C. Silberberg, Edward M. Spiro & Judith L. Mogul, *Civil Practice in the Southern District of New York* § 24:5 at 24-9 (2d ed. 2008)). For the reasons stated below, good cause exists to stay discovery pending decision on the Government's partial motion to dismiss.

First, the breadth of anticipated discovery weighs in favor of granting a stay at this stage. Plaintiff's own testimony is relevant to all claims, and in light of Plaintiff's trauma history, *see*

---

[1] This is Plaintiff's second request for an extension of the discovery deadline as set forth in ECF 117.

 

ECF 48-1, Declaration of Jessica Gorelick, LCSW (describing Ms. Q's history of sexual abuse and assessing that she experiences a "High Severity of PTSD symptoms"); ECF 59-1, Evaluation by Dr. Shizhen Jia, Plaintiff has requested that she be subjected to only one deposition.

The Government is agreeable to deposing Plaintiff once on all claims, subject to the Court's approval of a schedule that permits for such. A stay of discovery would obviate the need for a second deposition should the Government's partial motion to dismiss be denied.

Plaintiff further submits that a stay would prevent other inefficiencies and additional expenses which would likely be incurred by proceeding with piecemeal discovery on Plaintiff's non-contested claims only. It would be highly inefficient for the Parties to move forward with depositions of many of the fact witnesses that Plaintiff would like to depose, including Sean McMahan and Dennis Rau, the Assistant Field Office Directors at the ICE Buffalo Field Office. While some of Plaintiff's claims are medical in nature, she alleges that animus impacted the delivery of her medical care and other mistreatment by ICE across both periods of detention. Because this same animus also goes to the heart of her Abuse of Process and related Emotional Distress claims, the likelihood of having to re-open depositions is high in the absence of a stay of discovery. Inefficiencies and additional expenses related to this piecemeal approach to discovery weigh in favor of granting a stay at this stage.

Second, because the Government consents to the requested relief, the Plaintiff believes that the Government will suffer no prejudice from a discovery stay at this stage. The Government will be permitted to fully pursue its defenses to all of Plaintiff's claims after the resolution of a stay. If the Government prevails on its partial motion and Plaintiff's Abuse of Process and Emotional Distress claims are dismissed, Plaintiff does not believe it will have suffered any prejudice as to the Assault and Battery and Negligence claims.

Third, a stay is particularly appropriate given the scope of the Government's motion. As discussed at argument, if Plaintiff prevails, the nature of the claims before this Court will fundamentally change. Given the dispositive nature of the Government's motion and its potential impact on discovery, a stay is appropriate. *Williston v. Eggleston*, 410 F. Supp. 2d 274, 278 (S.D.N.Y. 2006) ("[A] stay of discovery is appropriate pending resolution of a potentially dispositive motion" (citation omitted)); *Alapaha View Ltd. v. Prodigy Network, LLC*, 20-CV-7572 (VSB), 2021 WL 1893316, at *2 (S.D.N.Y. May 10, 2021). That the Government's motion seeks dismissal of a portion of Plaintiff's claims, rather than the entire action, does not diminish the potential impact of the disposition of the motion on discovery and the need for a stay. *See Richards v. Kallish*, No. 22-CV-9095 (CS) (VR), 2024 WL 1833920, at *7 (S.D.N.Y. Apr. 26, 2024) (staying expert discovery during the pendency of a partial motion to dismiss).

**B. In the alternative, it is appropriate to grant an extension of the discovery deadline from January 24, 2025 to April 24, 2025.**

  

COVINGTON

BEIJING  BOSTON  BRUSSELS  DUBAI  FRANKFURT
JOHANNESBURG  LONDON  LOS ANGELES  NEW YORK
PALO ALTO  SAN FRANCISCO  SEOUL  SHANGHAI  WASHINGTON

In the alternative, an extension of the discovery deadline for the non-stayed claims from January 24, 2025 to April 24, 2025 is appropriate.

On December 18, 2024, the Government produced an additional 912 documents, totaling 4,911 pages. The production unfortunately does not contain metadata, which would permit Plaintiff to identify more readily what documents a custodian sent, received, or drafted. Plaintiff requires additional time to finish document review and to adequately prepare for such depositions. Furthermore, Plaintiff requires additional time to confirm the sufficiency of the Government's production, and to resolve any subsequent discovery disputes.

In sum, the Plaintiff respectfully requests, with the Government's consent, that the Court stay discovery pending resolution of the Government's motion to dismiss, with the exception of the depositions of Dean Smith and Peter Salmon to be rescheduled for February 2025, or, in the alternative, extend the discovery deadline from January 24, 2025 to April 24, 2025 on the Assault and Battery and Negligence claims not subject to the motion to dismiss.

## II. The Government's Position:

The Government consents to Plaintiff's requested stay or extension of the fact discovery deadline, subject to Plaintiff proceeding with two of the three depositions that it had previously scheduled for this month. *See* ECF No. 150 ("tentatively" scheduling Dean Smith deposition for January 22, 2025; Peter Salmon deposition for January 24, 2025; and Sean McMahan deposition for January 27, 2025). Plaintiff requested and the Government has agreed, to reschedule the depositions to February, subject to this Court's approval and the witness's availability, to permit Plaintiff's counsel additional time to prepare for the depositions.[2]

The Government does not agree with Plaintiff's insinuation that there is overlap between the stayed and non-stayed claims or with the contention that decisions about the Plaintiff's medical treatment, which were made by contract medical service providers at RCJ and OCJ, and not ICE employees, were motived by any "animus." Nevertheless, given that Plaintiff has indicated an intention to take a significant number of depositions, the Government's strong preference for its witnesses to be deposed only once in connection with this action and its desire to avoid unnecessary expenses, the Government consents to Plaintiff's request for a stay. The Government also consents because it is sensitive to Plaintiff's request to be deposed only once in connection with this action.

---

[2] Plaintiff notes above that the Government's December 18, 2024 production did not include "metadata." However, the Government's December 18, 2024 production consists exclusively of the emails of fourteen custodians whose emails Plaintiff requested the Government search. While the Government did not produce a separate document containing metadata for the production, all of the documents themselves indicate who sent the email, who received the email, who, if anyone was copied on the email, and the date and time of the email, etc. Any attachments to the emails were produced with Bates-number successive to the emails themselves. On January 13, 2024, Plaintiff requested that the Government match up custodians with Bates numbers. The Government explained that it was not feasible to do so. Nevertheless, counsel for the Government indicated that if Plaintiff identified discrete documents for which it could not identify the custodian, the Government would provide such information. Plaintiff has not yet identified any such documents.

 

COVINGTON

BEIJING  BOSTON  BRUSSELS  DUBAI  FRANKFURT
JOHANNESBURG  LONDON  LOS ANGELES  NEW YORK
PALO ALTO  SAN FRANCISCO  SEOUL  SHANGHAI  WASHINGTON

Dated: January 16, 2025
New York, NY

*/s/ Bree F. Peilen*
Bree F. Peilen
Roy Goldsman
Sara Dennis
**COVINGTON & BURLING LLP**
New York Times Building
620 8th Avenue
New York, NY 10018-1405
Telephone: (212) 841-1000
bpeilen@cov.com
rgoldsman@cov.com
sdennis@cov.com

Norma Esquivel
**LATINOJUSTICE PRLDEF**
475 Riverside Dr. Suite 1901
New York, NY 10015
(212) 219-3360
nesquivel@latinojustice.org

Alina Das
Naomi Chasek-Macfoy, Law
Student
**IMMIGRANT RIGHTS CLINIC**
Washington Square Legal Services,
Inc.
245 Sullivan Street, 5th Floor
New York, NY 10012
(347) 693-6485
alina.das@nyu.edu