
**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*86 Chambers Street*
*New York, New York 10007*

March 18, 2025

**VIA ECF**
The Honorable Katherine H. Parker
United States Magistrate Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl St.
New York, NY 10007

      Re:    *M.Q. v. United States of America*, 22 Civ. 10680 (ALC) (KHP)

Dear Judge Parker:

      I represent the United States of America (the "Government") in the above-captioned action brought pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671 *et seq*. I write respectfully on behalf of both parties, pursuant to the Court's February 19, 2025 order directing the parties to provide a status update on discovery and settlement by March 18, 2025. (ECF No. 158). As explained further below, the parties have made significant progress on both discovery and settlement. In order to focus their resources on achieving a consensual resolution of this matter, the parties jointly request that the Court stay discovery in this action for a period of 45 days. If the Court grants this request for a stay of discovery, the parties also respectfully ask that the conference currently scheduled for March 24, 2025, be adjourned, and that the parties be permitted to submit a further status report regarding the progress of settlement negotiations by May 2, 2025.

      **The Parties' Progress on Discovery**

      Since the parties' last status update to the Court (*see* ECF No. 157), the parties have made significant progress in fact discovery. As recounted in the parties' prior status letter, on February 7, 2025, Plaintiff's counsel deposed ICE Supervisory Detention and Deportation Officer Peter Salmon, who, during the relevant time period, was responsible for the relationship between the ICE Buffalo Sub-Albany Field Office and Rensselaer County Jail. (ECF No. 157 at 1). On February 20, 2025, Plaintiff deposed ICE Deportation Officer Dean Smith, who was the ICE employee escorting Plaintiff on August 12, 2021, when she fell and sustained an injury. Plaintiff has continued to maintain that the Government's document production is deficient. The parties have exchanged numerous letters on the topic and, on February 10, 2025, the Government, in an effort to avoid further discovery disputes, agreed to conduct email searches of an additional seven custodians from the ICE New York City Field Office. Government counsel has been reviewing that email collection (which is over 1,000 emails) and preparing a production of such emails to Plaintiffs.

      Further, on March 13, 2025, the parties engaged in a meet-and-confer concerning Plaintiff's Rule 30(b)(6) deposition notice. On March 14, 2025, the Government served Plaintiff with a letter outlining its objections and positions regarding each of the fourteen enumerated topics

contained in the notice.  Plaintiff is reviewing the Government's objections and does not at this time move for Court intervention on this issue.

Plaintiff has also identified a third fact witness whom she would like to depose, and the parties are in the process of scheduling that deposition.  Further, the parties agreed on designating two additional fact witnesses as Rule 30(b)(6) witnesses, so that such witnesses can be deposed once but provide both fact and Rule 30(b)(6) testimony.  Plaintiff also reserves the right to identify and depose additional witnesses following review of the Government's additional document productions.  Accordingly, the parties anticipate a significant number of additional depositions in this case.

### The Parties' Settlement Negotiations

There have been no further developments with respect to settlement since the parties' February 18 letter.  Plaintiff made an initial settlement demand on December 6, 2024, and the parties met to discuss the demand on December 10.  In around January 2025, counsel for the Government proposed recommending a settlement to ICE of a certain figure.  Plaintiff indicated that she would accept that figure to resolve all claims in the case.  Counsel for the Government is in the process of seeking ICE's consent and authority for such settlement.

### The Parties Joint Request for a Stay of Discovery

The parties are jointly requesting a stay of discovery in this action, so that they can focus their time on continuing to work towards a settlement in this case.  "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Louis Vuitton Malletier S.A. v. LY USA, Inc.*, 676 F.3d 83, 96 (2d Cir. 2012) (quoting *Landis v. North America Co.*, 299 U.S. 248, 254 (1936)).  Here, the parties would both prefer to concentrate their resources on achieving a settlement, instead of continuing to proceed with depositions and other discovery, at additional expense to both sides.  Continuing to proceed with discovery is frustrating the parties' ability to pursue a consensual resolution because it is requiring a significant amount of resources on the part of Government counsel and ICE employees, and also makes the Government's assessment of its litigation risk, and therefore its settlement position, a moving target.  Accordingly, the parties believe that they could move more efficiently towards a resolution of this case if discovery were stayed for 45 days.

If the Court grants the parties' requested stay, the parties also respectfully request that the Court adjourn the conference scheduled for March 24, 2025.  The parties propose to provide a status update to the Court on or before May 2, 2025, as to whether they have achieved a settlement.

        Respectfully,

        MATTHEW PODOLSKY  
        Acting United States Attorney for the  
        Southern District of New York

By: _____  
        TARA SCHWARTZ  
        Assistant United States Attorney  
        86 Chambers Street, Third Floor  
        New York, NY 10007  
        Tel.: (212) 637-2633  
        Email: tara.schwartz@usdoj.gov

cc: Plaintiff (via ECF)

---

**APPLICATION GRANTED:** The Case Management Conference in this matter scheduled for <u>03/24/2025</u> is hereby adjourned. The parties shall file another status letter by <u>May 2, 2025,</u> updating the Court on the status of discovery and settlement.

APPLICATION GRANTED

*/s/ Katharine H. Parker*

Hon. Katharine H. Parker, U.S.M.J.

03/19/2025